UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONATHAN W. CAIN JR.,

                Plaintiff,                        **MEMORANDUM & ORDER**

    -against-                          25-MC-4416 (NRM)

USA,

                Defendant.
------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

     *Pro se* plaintiff Jonathan W. Cain Jr. seeks to expunge his criminal record stemming from his federal misdemeanor drug conviction.  For the reasons discussed below, because this Court lacks jurisdiction to grant expungement, Plaintiff's motion is DENIED.

## BACKGROUND

     On November 7, 2025, Plaintiff Jonathan W. Cain Jr. filed a motion to expunge or seal his criminal record associated with his misdemeanor conviction for possession of a controlled substance, No. 1:87-mj-00520-AD.  Mot. to Exp. ("Mot."), ECF No. 1 at 3.  He pled guilty to this charge after receiving advice that doing so "would resolve the matter without further consequence."  *Id.*  However, he was recently unable to obtain a New York State firearm license, because his conviction disqualifies him unless he receives "a formal release or restoration of rights from this Court."  *Id.*  In support of his motion, Cain states that he is a disabled veteran, homeowner, and small business owner; he has been a law-abiding citizen since his conviction.  *Id.*  He

1

seeks expungement in an effort to "exercis[e his] constitutional right to self-defense."
*Id.*

The government filed an opposition on January 29, 2026, arguing that this Court lacks jurisdiction to grant the motion. ECF No. 5 ("Opp'n"). The government was unable to locate the case records associated with Plaintiff's misdemeanor conviction, but informs the Court that the misdemeanor case was filed on May 10, 1987, and terminated on July 25, 1991. *Id.* at 1. The government also alleges that Plaintiff was born in 1955. *Id.* at 1–2. Plaintiff was given the opportunity to file a reply on or before March 6, 2026, but did not do so.

## DISCUSSION

Federal courts have limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute . . . not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing this rests upon the party seeking to assert federal jurisdiction. *Id.* The Second Circuit has held that federal courts lack jurisdiction to address motions to seal or expunge records of conviction, without explicit Congressional authorization. *Doe v. United States*, 833 F.3d 192, 198–99 (2d Cir. 2016). District courts — including this Court — have routinely denied expungement motions for lack of jurisdiction, where the plaintiff has failed show that Congress has conferred such jurisdiction. *See Tonge v. United States*, No. 24-mc-2597 (NRM), 2025 WL 3485194, at *2 (E.D.N.Y. Dec. 4, 2025); *see also Johnson v. United States*, No. 22-mc-03114 (JMA), 2023 WL 419573, at *1 (E.D.N.Y. Jan. 26, 2023); *Cicero v. United States*, No. 19-MC-1143

2

(MKB), 2021 WL 2075715, at *2 (E.D.N.Y. May 24, 2021); *United States v. King*, No. 14-CR-00357 (PKC), 2017 WL 4326492, at *1 (E.D.N.Y. Sep. 28, 2017).

This Court is aware of only one potentially applicable statute authorizing federal district courts to seal or expunge lawful criminal convictions: the Federal First Offender Act ("FFOA").  *See* 18 U.S.C. § 3607(c).  It applies if a person is (1) convicted of simple possession under section 404 of the Control Substances Act, (2) when the person was less than 21 years old, (3) lacks a prior state or federal drug conviction, and (4) has completed any term of probation under the FFOA.  *Id.*; *see also U.S. v. Corkern*, No. 24-60189, 2024 WL 5199332, at *3 (5th Cir. Dec. 23, 2024).

Plaintiff has failed to show that this Court has jurisdiction over his expungement request under the FFOA or otherwise.  He does not present any factual allegations to show that his misdemeanor conviction was pursuant to section 404 of the Controlled Substances Act, nor does he state that he was under 21 years old at the time of the offense.  By contrast, the government has informed the Court (and Plaintiff has not disputed) that Plaintiff was born in 1955 and that the case resulting in Cain's misdemeanor conviction was filed on May 10, 1987, and terminated on July 25, 1991.  Opp'n at 1.  It is likely that Cain was over 21 years old — perhaps as old as 36 years old — when convicted and is ineligible for FFOA relief.   Thus, the Court does not have authority to grant his motion pursuant to the FFOA.

The Court recognizes the admirable progress Cain appears to have made since his conviction to avoid any further criminal charges or convictions, his ties and commitment to his family and community, and his status as a disabled veteran.  The

government has not disputed Cain's statement that he has "demonstrated responsibility, integrity, and commitment" in the many years since his arrest. Mot. at 3. Further, while Cain is not entitled to seek an order of expungement from this Court, the Court notes that he may be eligible for a certificate of relief from disabilities, *see* N.Y. Correct. § 701, which is "sufficient to remove the statutory prohibition against holding a [firearm] permit." *Matter of Crane*, 129 N.Y.S.3d 653, 656 (Monroe Cnty. Ct. 2020) (citing *Hecht v. Bivona*, 761 N.Y.S.2d 485, 485 (App. Div. 2d Dep't 2003)). And Congress may in the future provide federal courts jurisdiction to expunge criminal convictions for individuals like Cain, who "want and deserve to have their criminal convictions expunged after a period of successful rehabilitation." *Doe*, 833 F.3d at 199. In the meantime, however, the Court must deny Plaintiff's motion for lack of jurisdiction.

**CONCLUSION**

For the foregoing reasons, Cain's expungement motion is DENIED, without prejudice to renew if he believes he qualifies for expungement pursuant to statutory authority.

**SO ORDERED.**

   */s/ Nina R. Morrison*
   NINA R. MORRISON
   United States District Judge

Dated:   March 30, 2026
   Brooklyn, New York

4
